WILLIAM C. WILDER *et al.*

*v.*

LYDIA A. HOUSE.

1. TRESPASS—*when it will lie—landlord entitled to possession—cannot resort to force.*   Under our statute, though a landlord be wrongfully kept out of possession, he has no right to resort to force to effect an entry.   Such an entry is unlawful, and being so, an action for the trespass will lie.

2. FORMER DECISION.   The case of *Purdy* v. *Reeder*, 41 Ill. 279, is to the same effect.

WRIT OF ERROR to the Circuit Court of Kane county; the Hon. ISAAC G. WILSON, Judge, presiding.

The opinion states the case.

Mr. A. M. HARRINGTON, for the plaintiffs in error.

Messrs. BARRY & BOTSFORD, for the defendant in error.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

This was an action for trespass upon the person and personal property, brought under the following circumstances: One Rich, being in possession of a house and lot as tenant for a

280 WILDER *et al. v.* HOUSE. [Sept. T.,

Opinion of the Court.

year, permitted Mrs. House, who set up some claim to the property, to take possession of one or two rooms. She and Rich continued in possession for seven or eight months, and until the end of the term, when Rich surrendered his possession to the appellant, Wilder, as the new tenant of his landlord. Wilder and Mrs. House continued the occupancy for several weeks, and until the latter had occasion to be absent for a day, when Wilder entered the room occupied by her, through the window, put her furniture out of doors, and when she returned in the evening, used such violence to her person as was necessary to prevent her from entering the house, and compelled her to take refuge with a neighbor. For this she brought her action, and a jury gave her a verdict of $256.

We can find no fault with this verdict. It falls within the principles settled in *Purdy* v. *Reeder*, 41 Ills. If the tenant Rich improperly allowed Mrs. House to take possession of a part of the house, and she wrongfully refused to go out with Rich, the law gave the landlord the same remedy he would have had against Rich, had he held over, but it gave him no right to resort to force.

The plaintiffs in error object to the eighth instruction given for the plaintiff, that it assumes disputed facts. It is not open to that criticism; the instruction puts the case hypothetically. The judgment must be affirmed.

*Judgment affirmed.*