# W. E. PHELPS

## v.

# JOHN B. RANDOLPH.

*Forcible Entry and Detainer—What is " Force "—Construction of Statute.*

1. Where the owner of the paramount title takes forcible possession of his own land when it is in the peaceable possession of another, an action of forcible entry and detainer will lie against him in favor of the party so dispossessed, though at the time the right of possession was in such owner.

2. Defendant in the absence of the plaintiff, went to the field, the right of possession of which was in question, at a time when the plaintiff's servant might have been expected to be present, and with his hired men entered the field through the gate, drove out the plaintiff's stock, tore down his racks, fences, etc., and upon plaintiff's return stationed himself at the gate with a loaded gun, and threatened to shoot him if he entered the premises; *held*, that such entry was by " force," such as is prohibited by the statute.

[Opinion filed December 12, 1892.]

APPEAL from the County Court of Peoria County; the Hon. SAMUEL D. WEAD, Judge, presiding.

Messrs. CHARLES A. CORNWELL and WINSLOW EVANS, for appellant.

Messrs. SHEEN & LOVETT, for appellee.

Mr. JUSTICE LACEY. This was a suit of forcible entry and detainer by appellee against appellant to recover an acre and a quarter of land known as " Phelps' pasture," near Elmwood in Peoria Co. The evidence tended to show that appellee had been the tenant of appellant of this land for some five years, renting it from year to year for three years prior to the commencement of this suit, the renting being from May to May, the last year of the holding under special contract for $100, whereas it had been $75 per annum before

that. In March prior to appellee taking possession as hereinafter mentioned, he gave appellant notice to quit within five days. Appellee met appellant and claimed to have rented the pasture till the 3d of May, as appellee had paid $100 for it for one year, till May, 1891. In the spring of 1891 the appellee had his stock in the pasture—thirty-nine head of cattle and seven head of horses. The appellee went to Chicago with some stuff, leaving his stock in the pasture, which were being fed corn and hay twice a day. He had been gone to Chicago three days; there was in the pasture a feeding rack and two troughs and one rack for straw, posts set in the ground with a rack on them. In the absence of appellee, appellant went upon the premises and removed all appellee's improvements, and turned out his stock and nailed up the gate and claimed possession. When appellee came back on the premises he met him with a shot gun and threatened to shoot him if he attempted to regain possession of the pasture. It was the 8th of May when appellant took possession of the pasture. At the time appellant took possession neither appellee nor his agent was present. When appellee went to Chicago he left his servant, George Bemrose, in care of his stock and the pasture in question; but the appellant drove the stock out of the pasture and took possession against the will of the agent, though early in the morning, about seven o'clock, before the agent and servant Bemrose got to it. The jury found the appellant guilty, and upon overruling motion for a new trial the court awarded a writ of possession for the premises. From this judgment this appeal is taken.

The court on the part of the appellee gave in substance the following instructions: that the ownership of the property was not in controversy; that in case appellee was in possession claiming the right thereto as tenant of appellant, the jury should find that he was entitled to retain it until deprived of same by process of law or his own acts; that forcible entry did not necessarily mean the acquiring possession by breach of the peace; that the taking such possession by opening a gate and removing cattle or other stock therefrom against the will of the one occupying such property, was a

forcible entry under the law; that not even the owner has a right to take forcible possession of real estate from the possession of another, no matter how justly he may be entitled to it; that if the jury believed from the evidence that the defendant forcibly took from the plaintiff the real estate in controversy against the will of the plaintiff, then it should find for the plaintiff. The giving of these instructions and refusing certain of appellant's instructions, is here com- plained of by counsel for appellant.

The main contention of the appellant is that he acquired possession of the premises in a peaceable manner and with- out force, as he might do under the statute. The main con- troversy here is as to what is meant by taking possession in a peaceable manner and without force. The appellant con- tends that the "*force*" inhibited by statute in making the entry where there is a right of possession, is actual force, and actual force is such "as tends to or amounts to a breach of the peace." And the Fort Dearborn Lodge Co. v. Klein, 115 Ill. 190, is referred to as authority. It will be seen that in that case the only question decided was that a plea of *liberum tenementum* was a good plea in action of tres- pass *quare clausum fregit*, where the plea, in addition to aver- ring title in the defendant, also averred that he obtained pos- session from the plaintiff of the premises there in question in a peaceable manner, and this was so decided in the case of Gage v. Hampton, 127 Ill. 87, apparently ignoring the many things said in the former case not necessary to a decision of the point involved, in other words, the *dictum* of the case, and which was dissented to at the time by one of the judges. We do not understand, however, that the opinion, as a whole, holds that the rule is the same when applied to the right to enter a plea *liberum tenementum*, to an action of trespass to realty, where the title is put in issue, as in a case of forcible entry and detainer where only the possession is in issue. In the Fort Dearborn Lodge case, *supra*, it is said that where there has been forcible possession taken " the law will, in some cases, require as part of the punishment the return of the premises." This is not the same kind of a case

as an action of trespass brought against the evictor, where the owner of the land seeks to plead *liberum tenementum.* It can not be disputed that where the owner of the paramount title takes forcible possession of his own land when it is in the peaceable possession of another, an action of forcible entry and detainer will lie against him in favor of the party so dispossessed, though at the time the right of possession was in such owner. Doty v. Burdick, 83 Ill. 473; Stilman v. Palis, 134 Ill. 532. The question here is, did appellant violate the statute in not taking possession of the land in question in a "peaceable manner" and " without force ? " Our statute is, as said by the court in the Fort Dearborn Lodge case, *supra,* " substantially modeled after the English Statute, 5 R. 2, Cap. 8, which provides that " none  *  *  *  shall make any entry into any lands and tenements, but in cases where *entry is given by law,* and in such cases not with strong hand nor with multitude of people, but only in a peaceable and orderly manner." It would, no doubt, be a difficult task to formulate a general rule as to what would, in all cases, be a wrongful acquiring possession under the provisions of our statute, what would amount to a " peaceable " taking possession and " without force, " and we will not attempt it. But we will attempt to determine whether the acts of the appellant amounted to such force under our statute, for the facts which are material are not controverted. In doing this we will refer to facts of cases held by the Supreme Court to amount to a violation of the statute, and see whether this case comes within the rule announced in those cases.

In the case of Wilder v. House, 48 Ill. 279, a tenant of the landlord obtained possession of the premises by going to the house while the tenant holding over without right was absent, and entered the room occupied by her through the window, put her furniture out of doors and when she returned in the evening, used such violence to her person as was necessary to prevent her entering the house and compelled her to take refuge with a neighbor. For this she brought an action and the jury gave her $250 damages. In that case the court held the entry was by force, and that the

defendant should have brought his action instead of resorting to force. In Chapman v. Cowery, 50 Ill. 513, where a tenant holding over without right, of a house in which he kept his goods, was temporarily absent, the landlord had entered the premises and fastened up the door. The tenant on his return re-entered, re-took possession, and kept the landlord out by threats of violence. Held, the landlord had no right to enter in that way and the tenant had a right to re-enter. The principle of the above cases has not been overruled, that we are aware of, except it could be by the principle announced in the Fort Dearborn Lodge case, *supra*, and there is nothing said in that case necessarily conflicting with the principle announced in this case. In that case the decisions in the cases of Page v. De Puy, 40 Ill. 506, Reeder v. Purdy, 41 Ill. 282, and Dustin v. Cowdry, 23 Vt. 635, were approved of so far as to make the possession taken by the defendants in those cases violative of the English and American statutes prohibiting the taking forcible possession of lands, even by those having a right, and were violations of the forcible entry and detainer laws. The expressions as to the law as held by all former decisions, was that it was a violation of the forcible entry and detainer act for a landlord, after the expiration of the term, to take possession against the will of the tenant. It was held, prior to the Fort Dearborn Lodge case, to be "forcible" within the meaning of the statute. Since that case, however, it was held in Gage v. Hampton, *supra*, that the only thing decided in that case was, that the defendant could plead *liberum tenementum* in an action of trespass *quare clausum fregit*. We must regard, then, the expressions in the Fort Dearborn Lodge case, applying to the forcible entry and detainer act, as mere *dictum*. If that be so, then the rulings of the court, made prior to the decision in the Gage case, would still be the law, and, as we think the case now under consideration strikingly illustrates, should be the law. The rulings of the court in giving the instructions complained of to the jury were in accordance with what had often been held by the Supreme Court, and in that view were not erroneous. Admitting, however, that the instructions, when tested by

the *dictum* in the Fort Dearborn Lodge case, were too favorable to appellee, we think, however, under the evidence the jury could not have been misled.   And for the reason it is clear and undisputed as to the main features of this case, and clearly shows that the appellant took possession of the land in question in a forcible manner, within the meaning of the word "force" as opposed to "peaceable," as used in the act.

The appellant went " with a multitude of people," to wit, all his hired men, seven or eight, early in the morning, while the servant of appellee in charge of the stock might have been supposed to be present, and entered the premises through the gates, drove all appellee's stock out, removed the feed troughs, tore down the hay racks, and removed them; the same with the wire fence; and the next morning, upon appellee's return from Chicago, stationed himself on the premises with his loaded shot-gun, threatening to shoot him if he dared to invade the premises.   These acts, under the English statute as well as the statute of this State, as interpreted by the former decisions of the Supreme Court, would constitute the "force" prohibited by the statute. And also, we think, would be regarded forcible under the *dictum* in the Fort Dearborn Lodge case, and had a direct tendency to cause a breach of the peace.

We are of the opinion that the jury were fully justified in finding the verdict of guilty.

The judgment of the court below is therefore affirmed.
*Judgment affirmed.*