# W. E. PHELPS

*v.*

# JOHN B. RANDOLPH.

` *Filed at Ottawa October 26, 1893.*

1.  FORCIBLE ENTRY AND DETAINER—*title not involved.* In an action of forcible entry and detainer the question of the title to the premises is not involved, and can not be shown, or considered by the jury.

2.  No one, not even the owner, has the right to forcibly take real estate from the possession of another, no matter how justly he may be entitled to it; and if the owner takes such possession against the will of the person in possession, he will be liable in an action of forcible entry and detainer, even though no violence is employed, and even though the occupant's possession may be unlawful.

3.  If a tenant wrongfully holds over after the expiration of his term, and refuses to surrender the leased premises, the landlord's remedy is by action of forcible detainer or ejectment. But if the landlord, during the temporary absence of the tenant, enters and removes the tenant's stock and other property therefrom, and excludes the tenant, the latter may be restored to his possession by the action of forcible entry and detainer.

4.  SAME—*what constitutes—entry by violence or breach of the peace not necessary.* Forcible entry does not necessarily mean the taking of real estate from the possession of another by a breach of the peace. The taking of such property by opening a gate and removing cattle or other stock therefrom, against the will of the one occupying such property, is a forcible entry under the law.

APPEAL from the Appellate Court for the Second District;— heard in that court on appeal from the County Court of Peoria county; the Hon. SAMUEL P. WEED, Judge, presiding.

This was an action of forcible entry and detainer, brought by Randolph, against Phelps, before a justice of the peace, where a judgment was rendered for the defendant. Randolph appealed to the county court, and on a trial a verdict was returned for the plaintiff, and judgment entered thereon against defendant. From this judgment the defendant appealed to the Appellate Court, where the judgment was affirmed.

There is no substantial dispute between the parties in regard to the facts. As early as May, 1888, the defendant, Phelps, rented plaintiff, Randolph, the premises in dispute, for one year, at a stipulated cash rent, which was paid. Again, in the spring of 1889, the premises were leased for another year. On the last days of April or first days of May, 1890, the premises were again leased for one year, for $100, the term expiring, as claimed by Randolph May 3, 1891, and as claimed by Phelps, April 30. That discrepancy between the parties is not material. The premises in question consisted of an acre and a quarter of land near Elmwood, in Peoria county, used as a pasture or feed lot. In March, 1891, the defendant notified plaintiff to surrender the possession of the premises within five days, but the plaintiff disregarded the notice and continued in possession of the premises. He had on the premises racks for hay and straw, troughs for feeding stock corn, and also some thirty-nine head of cattle and seven head of horses. On the 8th day of May, 1891, while Randolph was absent in Chicago, at seven o'clock in the morning, Phelps, with his hired hands, consisting of seven or eight men, proceeded to the pasture and drove out Randolph's cattle and horses and removed all feed and improvements Randolph had on the premises, and nailed up the gates. Upon Randolph's return he and Phelps met at the pasture, and Phelps ordered Randolph off the premises, and notified him he would defend the possession he had taken, by force, whereupon Randolph brought this action to regain the possession of the premises, which had been taken from him by Phelps in his absence and without his consent.

Mr. CHARLES A. CORNWELL, and Mr. ENSLOW EVANS, for the appellant:

Phelps, having the right of possession, had the right to enter on the possession of Randolph in a peaceable manner and remove from the premises the property of Randolph.

Rev. Stat. chap. 37, sec. 1; Taylor on Landlord and Tenant, secs. 531, 532; *Fort Dearborn Lodge* v. *Klein*, 115 Ill. 190; *Lee* v. *Mound Station*, 118 id. 304; *Gage* v. *Hampton*, 127 id. 87; *Hoffman* v. *Harrington*, 22 Mich. 57; *Mussey* v. *Scott*, 32 Vt. 82.

Messrs. SHEEN & LOVETT, for the appellee:

The right of a land owner, at common law, to enter by force to regain possession wrongfully withheld, was taken away by the Statute of Forcible Entry and Detainer. *Reeder* v. *Purdy*, 41 Ill. 279; *Wilder* v. *House*, 48 id. 279; *Chapman* v. *Cawrey*, 50 id. 512; *Farwell* v. *Warren*, 51 id. 467.

Actual force and violence are not necessary to constitute a forcible entry upon land. *Brooks* v. *Bruyn*, 18 Ill. 539; *Baker* v. *Hays*, 28 id. 387; *Shoudy* v. *School Directors*, 32 id. 290; *Brush* v. *Fowler*, 36 id. 53; *Huftalin* v. *Misner*, 70 id. 207; *Doty* v. *Burdick*, 83 id. 473.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

The time for which the premises were leased had expired when Phelps took possession and removed Randolph's cattle, horses and other property from the lot or tract of land, and it is claimed that he had the right to take possession of the property, providing he could do so without a breach of the peace, while, on the other hand, it is claimed that Randolph, being in the lawful possession of the property, was entitled to hold that possession until dispossessed in an action brought for that purpose. The court, on the trial, instructed the jury, in behalf of the plaintiff, in substance as follows:

"The jury have nothing to do, in this case, with the question of the ownership of the property in controversy. If they believe, from the evidence, that the plaintiff was in possession of it, claiming the right thereto as tenant of defendant, they should find that he was entitled to retain such possession until deprived of the same by process of law or by his own acts.

22—147 ILL.

"The jury are instructed that forcible entry does not necessarily mean the taking of real estate from the possession of another by breach of the peace. The taking of such property by opening a gate and removing cattle or other stock therefrom, against the will of the one occupying such property, is a forcible entry under the law.

"The jury are instructed that no one, not even the owner, has a right to forcibly take real estate from the possession of another, no matter how justly he may be entitled to it; and if the jury believe, from the evidence, that the defendant forcibly took from the plaintiff the real estate in controversy, against the will of the plaintiff, the jury should find the issues herein for the plaintiff."

The defendant requested the court to give the following instructions:

"A forcible entry, in the law, means an entry with such force and violence as would amount to a breach of the peace. And in this case, if you believe, from the evidence, that the defendant, in entering on the premises in question, did not use force and violence amounting to a breach of the peace, then his entry was not a forcible one, within the meaning of the law.

"You are instructed that if you believe, from the evidence, that the plaintiff, Randolph, on the 30th day of April or the 3d of May, 1890, rented the premises in question from the defendant for the period of one year from that time, and paid him the sum of $100 as rent for said premises for such year, then it became the duty of the plaintiff to surrender up the possession of said premises to the defendant at the expiration of such year, and in such case the plaintiff would not be entitled to any notice to quit and surrender up such possession to the defendant. And if you further believe, from the evidence, that the plaintiff did not surrender up the possession of said premises at the end of such year, then the defendant had the right to peaceably enter into the possession of said

premises, even though they were still occupied by the plaintiff; and in such case, if you believe, from the evidence, that the defendant peaceably entered into the possession of said premises and peaceably removed the cattle of plaintiff therefrom, this the law gave him the right to do, and you should, in such case, find the defendant not guilty."

But the court refused these and other like instructions prepared by the defendant, and the decision of the court on the instructions is the principal, and, indeed, the only, question of any importance presented by the record.

Our present statute provides, "that no person shall make an entry into lands or tenements except in cases where entry is allowed by law, and in such cases he shall not enter with force, but in a peaceable manner." (Rev. Stat. chap. 57, sec. 1.) The first section of the act of 1845, entitled "Forcible Entry and Detainer," declared: "If any person shall make any entry into any lands, tenements or other possessions, except in case where entry is given by law, or shall make any such entry by force, * * * such person shall be adjudged guilty of a forcible entry and detainer," etc. It will be observed that the two statutes are substantially alike, and hence any decision of the court rendered under the statute of 1845 is applicable under the present statute.

As early as 1837, in *Atkinson* v. *Lester*, 1 Scam. 407, it was held: "To constitute a forcible entry and detainer, under the statute, it is not necessary that actual force and physical violence should be used." The same doctrine was announced in *Croff* v. *Ballinger*, 18 Ill. 202. The court said: "To constitute forcible entry and detainer, under our statute, it is not essential that the entry be made with strong hand or be accompanied with acts of actual force or violence, either against person or property. If one enters into the possessions of another against the will of him whose possession is invaded, however quietly he may do so, the entry is forcible, in legal contemplation. The word 'force,' in our statute, means on

more than the term *vi et armis* does at common law,—that is, with either actual or implied force." In *Smith* v. *Hoag*, 45 Ill. 250, the same question arose. It was there insisted that the entry was not forcible, because Scott, the landlord of the appellant, was the owner and had the right to enter; that the owner may use all necessary force to make an entry unless he commits a breach of the peace. But the court held, that under our Statute of Forcible Entry and Detainer actual violence amounting to a breach of the peace is not necessary in any case. In *Reeder* v. *Purdy*, 41 Ill. 279, in passing upon the statute, the court held that any entry is forcible, within the meaning of the law, that is made against the will of the occupant.

From the authorities it is plain, under our statute, although Phelps did not use force amounting to a breach of the peace, he is liable under this form of action. Randolph, on going to Chicago on business, left the pasture and his stock in the care of George Bermal, his servant. At seven o'clock in the morning, in the absence of both Randolph and his agent, Phelps, with a force of seven men, went to the premises, and, without the knowledge or consent of Randolph or his agent, entered the premises, drove out Randolph's stock and removed all of his property, and took possession of the pasture and fastened the gates, and upon Randolph's return refused to permit him to enter upon the premises. In *Wilder* v. *House*, 48 Ill. 279, where the landlord entered upon leased premises in the absence of the tenant and removed his goods, it was held that such an entry was unlawful, and the landlord was liable in an action for trespass. So in *Chapman* v. *Cawrey*, 50 Ill. 513, it was held, although a tenant may be holding over, yet if, during his temporary absence from the premises, the entrance is closed against him, he has the right to remove the obstruction by force and re-enter, and is not liable for a criminal prosecution for so doing. In *Doty* v. *Burdick*, 83 Ill. 473, it was held, to maintain forcible entry and detainer actual or

constructive force, only, is necessary. It was also held that the landlord has no right to employ force and violence to regain possession, although the adverse possession may be wrongful.

Much reliance is, however, placed in *Fort Dearborn Lodge* v. *Klein*, 115 Ill. 190. There may be expressions in the opinion in that case which might be construed as favoring the position of appellant; but that was an action of trespass where title to the premises involved was in issue, and it was held that the plea of *liberum tenementum* was a good plea in the action. In an action of forcible entry and detainer the question of title does not arise, and can not be considered, as has been held by this court in numerous cases. What was said in that case in regard to our Statute of Forcible Entry and Detainer was *obiter dictum*, as the statute was not involved in the case.

If Randolph's term had expired, which the evidence tends to show it had, Phelps had a complete remedy in an action of forcible detainer or ejectment to regain possession of the premises, but he had no right to take the law in his own hands and take possession by force. No breach of the peace was committed, but the entry was a forcible one,—one which the statute forbids. Where a person is in the possession of a tract of land, cultivating it or using it for pasture, but not residing upon it, he is entitled to the same protection, as against an intruder, as he would be if he resided upon the land. His absence from the land is not a license or invitation for any one to enter, and an entry in the absence of the party in possession, against his will, may be regarded as forcible, and in violation of the statute.

The instructions of the court substantially conformed to the law as indicated, and we regard them as correct.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*