## John D. Roberts and Belle B. Roberts v. L. M. McEwen.

1. FORCIBLE ENTRY AND DETAINER—*Title Not to be Determined in Actions of.*—All that is involved in actions of forcible entry and detainer is the immediate right of possession. Title can not be determined therein.

2. SAME—*Entry Against the Will of the Occupant. Sufficient.*—Any entry which is against the will of the occupant is a forcible entry within the meaning of the statute.

3. SAME—*Title Not to be Asserted in.*—A defendant can not be permitted to assert his title in this form of action, but must restore the pos-

session wrongfully taken to the person entitled to it, and assert his title in some other proper form of action.

4. LANDLORD AND TENANT—*Tenant and Sub-Tenant Can Not Dispute Title.*—A tenant is not permitted to dispute the title under which he enters, and a person who acquires possession from him acquires only the tenant's rights, and must yield possession to the landlord.

5. POSSESSION—*When it Becomes Unlawful.*—When a person in possession of lands refuses to surrender it to the person rightfully entitled thereto, after demand in writing, his possession becomes unlawful.

**Forcible Entry and Detainer.**—Trial in the Circuit Court of DeKalb County; the Hon. M. A. SOUTHWORTH, Judge, presiding. Verdict and judgment for plaintiff; appeal by defendants. Heard in this court at the December term, 1898. Affirmed. Opinion filed April 11, 1899.

JONES & ROGERS, attorneys for appellants.

An estate at will may be determined by any act of either party which indicates an intention to put an end to the tenancy, or which is inconsistent with the continuance of the relations of landlord and tenant. The death of either party determines the estate. If the lessor dies, the estate becomes a tenancy at sufferance, and the lessee's personal representatives, in case of his death, have no right to possession under the tenancy. Tiedeman on Real Property, 2d Ed., Sec. 213; Am. & Eng. Ency. of L., Vol. 6, p. 890.

In order that a tenancy at sufferance may arise, the estate under which possession was originally gained must have been created by the agreement of the parties. Tiedeman on Real Property, 2d Ed., Sec. 225.

The tenancy is determined by the entry of the landlord upon the land. Ibid., Sec. 227.

A. G. KENNEDY, attorney for appellee.

If the plaintiff, appellee, was in the lawful possession of the premises, either as a tenant by sufferance or otherwise, the entry of appellants was unlawful, if against his will, or by force, and this action will lie to oust them. Thomasson v. Wilson, 146 Ill. 384; Allen v. Tobias, 77 Ill. 171; Smith v. Hoag, 45 Ill. 250; Reeder et al. v. Purdy et ux., 41 Ill. 284; Knight v. Knight, 3 Ill. App. 208.

Possession of the tenant is the possession of the landlord in

fact as well as in law. Wall v. Goodenough, 16 Ill. 415; Thomasson v. Wilson, *supra;* Taylor's Landlord and Tenant, 7th Ed., Sec. 180.

Any entry is forcible within the meaning of the statute, that is made against the will of the occupant. Reeder v. Purdy, 41 Ill. 286; Smith v. Hoag, 45 Ill. 251.

"It is a well established rule that an under-tenant, or other person let into possession by the tenant, must yield the possession to the landlord; that a person claiming to have acquired possession from the tenant, only acquires the tenant's rights and nothing more." Smith v. Hoag, *supra;* Gage v. Hampton, 127 Ill. 87; Doty v. Burdick, 83 Ill. 478; Cox v. Cunningham, 77 Ill. 546; Brown v. Keller, 32 Ill. 151; Farwell v. Warren, 51 Ill. 467; McCartney v. Hunt, 16 Ill. 78; Wall v. Goodenough, 16 Ill. 417; Fusselman v. Worthington, 14 Ill. 135; Fortier et al. v. Ballance, 5 Gilman, 41.

MR. JUSTICE HIGBEE delivered the opinion of the court.

This was an action of forcible entry and detainer, brought by the appellee against appellants for the recovery of the possession of certain premises in DeKalb county.

Appellee has been in possession of the premises for over thirty-five years prior to November, 1896, by himself or his tenants. On March 1, 1896, he leased these premises, with others, to one Robert McCormick, for a term of three years. In November, 1896, appellants put a fence along the south side of the premises in question, fencing them off from the remainder of appellee's land. On April 24, 1897, appellee removed the fence constructed by appellants, and the following day appellants rebuilt the same. On May 18, 1898, McCormick, the tenant, executed a deed of release in the premises in dispute to appellee. At the time the fence was erected as aforesaid in November, 1896, appellants, without objection on the part of McCormick, entered into possession of the premises and have continued to remain in possession of the same. After having made a demand in writing for the possession of said premises, appellee commenced this

action on June 30, 1898, in the County Court. The jury found the defendant guilty and judgment was entered upon the verdict.

The theory of the defense in the court below was, that appellants were the owners of the premises in question, claiming title through one Charles Broughton, deceased, and that having obtained possession by the consent of the tenant of appellee, they were entitled to retain the same. An attempt was made by appellant to show that an agreement had been entered into many years ago between said Broughton and appellee for their mutual convenience, by which appellee was to take possession of and fence in the premises in question which lay along the side of his farm, and in exchange therefor the said Broughton was to take possession of and fence in a like tract of land adjoining his farm, belonging to appellee. Appellants, however, failed to make satisfactory proof of the existence of such an agreement, and appellee on his part absolutely denied it. Upon the trial appellants offered in evidence a notice given by them to the appellee, on April 10, 1896, directing him to erect his portion of the division fence between the land in question and other land of his on the south. The notice, however, was objected to by appellee and the objection sustained by the court.

The action of the court in refusing to admit this notice in evidence is assigned as error. We think the notice was properly excluded. Appellee was then in possession of the premises and the notice could serve no purpose whatever, except to show that appellants claimed title to the same; but in actions of forcible entry and detainer all that is involved, is the immediate right of possession and the title can not be determined therein. Kepley v. Luke, 106 Ill. 395.

Appellant, J. D. Roberts, was asked by his counsel whether appellee's cattle had been pasturing the tract of land formerly held by said Broughton, deceased, of appellee, since the putting up of the fence in November, 1896. The question was objected to by appellee, and the objection sustained, and it is urged that this ruling of the court is also

erroneous. We think the question was immaterial and could not possibly have any bearing upon the issue in this case. The most that could be claimed for it is that it had some bearing upon the alleged temporary exchange of property between Broughton and appellee; but even in that event, it would relate only to the question of title, and not to the question of right of possession, which is in issue here.

The only other assignment of error argued by appellants are the giving of improper instructions on the part of appellee and the refusing of proper instructions asked by appellant. No specific objection to the action of the court in reference to the instructions, is pointed out by counsel for appellant in their original brief, but such suggestions as are made in that connection are confined to the reply brief. That is unimportant, however, in this case, as the objections are clearly based upon a misconception of the law. The objections to the instructions given for appellee are founded upon the theory that this action could not be maintained unless the appellants used actual force or violence in taking possession of the premises. This is not the law. It is settled in this State that any entry which is against the will of the occupant is a forcible entry within the meaning of the statute. Reeder v. Purdy, 41 Ill. 279; Phelps v. Randolph, 147 Ill. 335.

The instructions for the appellants refused by the court were objectionable, because they assumed that appellants had a legal right to obtain possession of the premises through some arrangement with McCormick, the tenant of appellee, and then withhold the same from the latter under claim of title. A tenant is not permitted to dispute the title under which he enters and a person claiming to have acquired possession from a tenant only acquires the tenant's rights, nothing more, and must yield possession to the landlord. Doty v. Burdick, 83 Ill. 473.

The appellants could not, by any arrangement with the tenant of appellee, obtain possession of the premises and then be permitted by law to retain the same while they sought to assert an alleged superior title. Adopting the

language of the opinion in Thomasson v. Wilson, 146 Ill. 384, " We are of opinion that when appellants refused and neglected to surrender possession of the premises to appellee, after demand in writing the detention was unlawful. If they have title to the property they can not be permitted to assert it in this form of action, but must restore the possession wrongfully taken from the tenant of appellee, place him *in statu quo*, and then in some appropriate proceeding assert their title."

There was, therefore, no error committed by the court below in the trial of this case, and the judgment must be affirmed.