ROBERT HAMMOND *et al.*

*v.*

WELLINGTON DOTY.

*Opinion filed February 19, 1900.*

1. FORCIBLE DETAINER—*title cannot be called in question in forcible detainer.* In an action of forcible entry and detainer only the immediate right of possession is involved, and the title to the premises cannot be called in question.

2. SAME—*fact of possession is the material question to be determined.* The material question for the jury in forcible detainer is to determine whether, at the time alleged, the plaintiff was in the actual, peaceable possession of the premises, and whether the defendant entered against the plaintiff's will and retained possession; and the finding of the jury and judgment of the trial court, which are affirmed by the Appellate Court, are conclusive of such question.

3. SAME—*what not material in forcible detainer—possession.* One in the undisputed possession of land enclosed by a fence on three sides and bounded on the other by a lake, who, after the water has receded, connects his fences, thus taking in part of the old bed of the lake, is in possession of the tract so enclosed; and the fact that part of the land lies within the meandered line of the old lake is not material in an action of forcible detainer.

4. SAME—*residence on land is not essential to possession.* One in the possession of land, using it for pasture, is entitled to protection against intruders, the same as though he resided upon the land, and any entry in his absence and against his will is regarded as forcible and in violation of the statute.

5. SAME—*actual violence amounting to breach of peace not necessary to make entry forcible.* Under the Forcible Entry and Detainer act any entry against the will of the occupant is forcible, whether actual violence, amounting to a breach of the peace, is used or not.

*Hammond* v. *Doty,* 84 Ill. App. 19, affirmed.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Carroll county; the Hon. JAMES SHAW, Judge, presiding.

This is an action of forcible entry and detainer, brought by the appellee against the appellants, before a justice of the peace, complaining that appellants un-

lawfully withheld possession of a certain piece of land, described in the complaint as a part of section 30, township 24 north, range 4, east of the fourth principal meridian. Judgment was obtained against appellants before a justice of the peace, from which they took an appeal to the circuit court. In the circuit court the cause was tried before the court and a jury, resulting in a verdict against appellants. From the judgment entered upon the verdict in the circuit court appellants took an appeal to the Appellate Court. The Appellate Court has affirmed the judgment of the circuit court; and the present appeal is prosecuted from such judgment of affirmance.

J. M. HUNTER, for appellants.

D. S. BERRY, for appellee.

Mr. JUSTICE MAGRUDER delivered the opinion of the court:

Appellants complain, that certain proof offered by them was rejected upon the trial of the case. The object of the proof so offered was to show, that the lands in controversy were located within the meander lines of what is designated as Dyson's Lake in sections 30 and 31 in said township. Appellants claim, that the lands in question, being within the meandered lines of said lake, did not belong to the appellee, but that the title thereto was held by the State in trust for the people. (*Trustees of Schools* v. *Schroll*, 120 Ill. 509; *Fuller* v. *Shedd*, 161 id. 462).

We are of the opinion, that the court below committed no error in refusing to receive the evidence, which appellants thus sought to introduce. In an action of forcible entry and detainer only the immediate right of possession is involved, and the title to the premises cannot be called in question. The question of title in this action cannot be considered by the jury. (*Phelps* v. *Randolph*, 147 Ill. 335; *McDole* v. *Shepardson*, 156 id. 383). Indeed, the in-

structions, asked by both parties in this case, announce the proposition, that, in the present action, the title to the property is not involved. The material question for the jury to determine was, whether, in fact, at the time alleged, the appellee was in the actual, peaceable possession of the premises in question, and whether the defendants below, the appellants here, entered upon such possession against the will of the appellee, the plaintiff below, and retained such possession. The jury was properly instructed upon this question. They found in favor of the appellee, and the judgment of the circuit court, based upon their verdict, has been affirmed by the Appellate Court. The question of fact, as to which the jury were thus instructed, has been determined in appellee's favor by the lower courts, and their action in this regard is binding upon us.

The evidence tends to show, that one Timothy Doty, father of the appellee, took exclusive possession of the land in question, and that he and his tenants were in exclusive possession thereof from 1876 up to November 18, 1897. At the latter date, the fences on the west and south sides of the tract were taken away by the appellants, who have since been in possession of the land. The proof also shows, that the appellee took possession of the land on March 1, 1895, as the tenant of the widow and heirs of Timothy Doty, deceased, and remained in actual and undisputed possession thereof until June 12, 1897. On that date appellants came upon the land, and, with force and violence, attempted to oust appellee and the tenants thereon and to put up fences of their own upon the land; but, after some quarreling with appellee, appellants desisted from the attempt so made, and went away, and did not go upon the land again until November 18, 1897, when they cut down and carried off the fences, and turned their cattle upon the premises. Appellee remained in possession from June 12, 1897, until November 18, 1897. For over twenty years prior to No-

vember 18, 1897, the tract had been enclosed with a fence
on the north, east and west sides thereof, and bounded
by water on the south side.   In 1897, the water receded
from the south side, and appellee constructed a fence on
the south and connected it with the fences on the east
and west sides, thus completely enclosing the land.   In-
asmuch as appellee was thus in undisputed possession of
the land, it makes no difference that a portion thereof
lay within the meandered line of the old lake, known
as Dyson's Lake.   If the question of title had been im-
portant in any way, appellants showed no title, nor any
right of possession.

Appellee was lawfully in possession as against the
appellants, so far as the present record shows; and "the
person, who is in the actual and peaceable possession of
land will be deemed· to be rightfully in possession, and
the burden of proof is upon him who would dispute that
possessory right." (*Fitzgerald* v. *Quinn*, 165 Ill. 354).   The
person, so in actual and peaceable possession of land, is
presumed to be the owner until such presumption is over-
come; and the question of title is not involved.   (*Doty*
v. *Burdick*, 83 Ill. 473; *Fitzgerald* v. *Quinn*, 165 id. 354).   It
makes no difference that appellee did not actually reside
upon the premises.   "Where a person is in the possession
of a tract of land, cultivating it or using it for pasture,
but not residing upon it, he is entitled to the same pro-
tection as against an intruder, as he would be if he re-
sided upon the land.   His absence from the land is not a
license or invitation for any one to enter, and an entry,
in the absence of the party in possession, against his will
may be regarded as forcible, and in violation of the stat-
ute." (*Phelps* v. *Randolph*, *supra*).

Appellee had the sole and exclusive possession of the
entire tract described in the complaint, and had a fence
around it when the tract was taken possession of by
appellants. Under our Statute of Forcible Entry and De-
tainer actual violence, amounting to a breach of the peace,

is not necessary in any case. Any entry is forcible, within the meaning of the law, that is made against the will of the occupant. (*Phelps* v. *Randolph, supra*).

We discover no error of any kind in the record, which would justify us in reversing the judgments rendered against the appellants by the lower courts. The instructions, given by the circuit court, and the rulings of that court, upon the evidence were all in accordance with the principles herein announced.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*