### J. S. Ross v. E. F. Youngman.

1. Possession—*taking of, by force, unlawful.* The mere fact that disputed boundaries have been permanently established by virtue of a resort to the act pertaining to the establishment of permanent lines and corners, approved May 10, 1901, does not entitle a party to take possession by force of the land included within the boundaries as determined.

Forcible detainer proceeding. Error to the Circuit Court of McLean County; the Hon. Colostin D. Myers, Judge, presiding. Heard in this court at the May term, 1905. Affirmed. Opinion filed March 20, 1906.

Thomas W. Tipton, for plaintiff in error.

Rayburn & Buck, for defendant in error.

MR. JUSTICE RAMSAY delivered the opinion of the court.

The parties to this suit, E. F. Youngman and J. S. Ross, own adjoining lots in the southwest quarter of section 11 in township 23 north, range 2, in McLean County.

There was a dispute between them as to the location of the line between their said lots, and Ross began proceedings in the Circuit Court of McLean County under the law relating to the establishment of permanent lines and corners, approved May 10, 1901, in force July 1, 1901, to have the corners and boundary between said lots permanently established. Such proceedings followed that an order was made by said court approving and confirming report of the commission and establishing the corners and boundary between said lots. Said boundary, by that means, was so established that the south line of Ross's lot was set over to the south so as to include a part of the lot that Youngman had been in possession of prior thereto.

Prior to the making of said order Youngman and his grantors had been in continuous possession of his lot for more than twenty years and had exercised right of possession for that period, up to a fence near the north line of the lot.

After the final order had been made in said proceedings, Ross erected a new fence upon the boundary as established by the order, and by so doing took possession of that much of the premises that Youngman had so possessed, as lay north of the new line. Thereupon Youngman brought this suit in forcible detainer, which on appeal, was tried in the Circuit Court of McLean County, where judgment was entered for Youngman. Ross appeals.

We think that appellant Ross has clearly mistaken the force and extent of the statute relied upon by him. Its only purpose and effect is to provide owners of adjoining lands with an effective means of settling disputed corners and boundaries; it being still necessary for them to resort to the courts by appropriate remedy to recover their respective premises after their corners and boundaries have been permanently established.

The owner of real property has no right to take possession by force, of premises occupied or possessed by another, even though such owner may be justly entitled to such possession. Phelps v. Randolph, 147 Ill., 335. Appellant had a complete remedy at law. He should have sought that remedy instead of forcing possession. The judgment is affirmed.

*Affirmed.*