7?

# Andrew Laskodik, Appellee, v. John Tomashumes, Appellant.

FORCIBLE ENTRY AND DETAINER—*when lies to recover possession wrongfully taken.* No one, not even the owner, has the right forcibly to take possession of premises from one in the occupation thereof, no matter how justly he may be entitled to it, and the person so dispossessed against his will may recover possession even though his original possession may have been wrongful.

Forcible entry and detainer. Appeal from the Circuit Court of Sangamon county; the Hon. ROBERT B. SHIRLEY, Judge, presiding. Heard in this court at the November term, 1910. Affirmed. Opinion filed May 26, 1911.

SHUTT & FAIN and CONKLING & IRWIN, for appellant.

ALBERT SALZENSTEIN and JOHN L. KING, for appellee.

MR. PRESIDING JUSTICE PUTERBAUGH delivered the opinion of the court.

In a suit of forcible entry and detainer against appellant, appellee recovered judgment for the possession of a certain store room.

On the evening of December 1, 1909, appellee bought the saloon business of appellant, who had been conducting the same in the premises involved, for the sum of $1,100, and at the time paid $20 to appellant on account of the purchase price. The evidence as to the terms of the contract of sale, the payment of the balance of the purchase price, and when the possession of the business was to be delivered, is conflicting. That adduced by appellee tends to show that the possession of the premises was at the time delivered to appellee; that he was to pay the balance of the purchase price on the following morning, and that he continued in possession until dispossessed by appellant.

The evidence on behalf of appellant tends to show

that possession was not delivered to appellee at the time of the sale, for the reason that the full purchase price was not then paid, and that appellant at no time surrendered possession to him. It is not controverted, however, that on the evening of December 3rd, while appellee was in possession of the premises, whether wrongfully or otherwise, appellant procured a warrant to be issued against him for trespass, that appellee closed the saloon, gave bond, returned to the saloon and re-opened it; that appellant then swore out a similar warrant, and that while appellee was under arrest thereunder, appellant took and retained possession of the premises.

The controlling controverted question of fact involved is whether appellee was in lawful occupation of the premises at the time he was dispossessed by appellant. Phelps v. Randolph, 147 Ill. 335. The jury, who were the sole judges of the credibility of the witnesses and of the weight to be given to their testimony, have returned a verdict in favor of appellee upon this issue. Their finding cannot be said to be clearly against the weight of the evidence, and we are therefore not at liberty to disturb the same. If appellee was in possession of the premises, no one, not even the owner, had the right to forcibly take the possession from him, no matter how justly he may have been entitled to it, and having taken such possession against the will of appellee, he is liable in this form of action even though no violence was employed and even though appellee's possession may have been wrongful. Phelps v. Randolph, *supra;* R. R. Co. v. Johnson, 119 U. S. 608.

We find no error in the rulings of the court upon the evidence or instructions, which could have operated to the prejudice of appellant. The judgment of the Circuit Court is affirmed.

*Affirmed.*