THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JOYCE EVANS, Defendant-Appellant.

First District (4th Division)   No. 86—2038

Opinion filed November 19, 1987.

Freedman & Bornstein, P.C., of Chicago (Alan M. Freedman and Bruce H. Bornstein, of counsel), for appellant.

Richard M. Daley, State's Attorney, of Chicago (Thomas V. Gainer, Jr., Joan E. Disis, and Caroline Koplin, Assistant State's Attorneys, of counsel), for the People.

JUSTICE LINN delivered the opinion of the court:

Defendant, Joyce Evans, was convicted of criminal trespass to real property (Ill. Rev. Stat. 1985, ch. 38, par. 21—3) following a bench trial in the circuit court of Cook County. Defendant was sentenced to six months of court supervision.

On appeal, defendant contends that the State should not have prosecuted her under the criminal trespass law. Defendant claims that, instead, the complainant should have brought an action against her under the forcible entry and detainer statute. Ill. Rev. Stat. 1985, ch. 110, pars. 9—101 through 9—116.

We reverse the judgment of the trial court.

BACKGROUND

The trial was held on February 27, 1986. Defendant represented herself. The trial adduced the following facts. The complainant, Maxine West, owned a house at 1773 Queensbury Street, in Hoffman Estates, Illinois. The complainant placed an advertisement in a newspaper for a roommate, which defendant answered.

The State's evidence is summarized as follows. Defendant moved into the house on January 5, 1986, and gave complainant a $325 security deposit. The next day, complainant presented defendant with a

written lease to sign. On January 7, 1986, defendant refused to sign the lease. Complainant asked defendant to move out if she would not sign a lease. Defendant remained in the house, continually refusing to sign a lease.

On January 28, 1986, complainant demanded that defendant leave the house immediately. Defendant pushed complainant out of defendant's bedroom and locked herself inside of the room. Complainant telephoned the police.

A Hoffman Estates police officer arrived on the scene. Complainant told him that defendant was living in her house without signing a lease or paying rent and refused to leave. The police officer unlocked the door and entered the bedroom. He then questioned defendant as to why she would not sign the lease. When defendant refused to answer the officer's questions, he arrested her for criminal trespass and took her to the police station.

It is undisputed that the complainant kept the security deposit.

Defendant, representing herself, presented no testimony. During her cross-examination of complainant, however, she asked whether complainant and herself had a verbal agreement to use the security deposit as a portion of the rent, beginning when she moved in, on January 19, 1986. The complainant denied the claim. Further, throughout the remainder of the trial, defendant attempted to raise the defense of a verbal lease agreement between herself and the complainant. During her closing argument, she attempted to argue that, based on the existence of a verbal landlord-tenant relationship, the complainant should have brought a forcible entry and detainer action to evict her from the property.

The trial court would not allow defendant to raise, as a defense, the existence of a landlord-tenant relationship between herself and the complainant. At the close of the evidence, the trial court found that no such relationship existed and that the complainant had sole proprietary interest in the property. Consequently, the forcible entry and detainer statute did not bar defendant's criminal trespass prosecution.

The trial court found defendant guilty of criminal trespass to real property and sentenced her to six months of court supervision. The trial court additionally noted that defendant could bring a civil action to seek recovery of the security deposit. The court subsequently denied defendant's post-trial motion. Defendant appeals.

OPINION

Defendant's sole contention on appeal is that the complainant

should have brought a forcible entry and detainer action against her, rather than seek criminal sanctions. The first paragraph of the forcible entry and detainer statute, now codified at section 9—101 of the Code of Civil Procedure, provides as follows:

> "Forcible entry prohibited. No person shall make an entry into lands or tenements except in cases where entry is allowed by law, and in such cases he or she shall not enter with force, but in a peaceable manner." Ill. Rev. Stat. 1985, ch. 110, par. 9—101.

■■ The legal principles surrounding the forcible entry and detainer statute are well settled and date back over a century. The common law permitted an individual who was rightfully entitled to enter upon land to do so with force and arms and retain possession by force. (*City of Chicago v. Chicago Steamship Lines, Inc.* (1927), 328 Ill. 309, 312, 159 N.E. 301, 302.) The purpose of the statute is to adjudicate only the right to possession and to prevent breaches of the peace by forcing aggrieved persons to assert their rights peaceably through the courts. *Perry v. Evanston YMCA* (1981), 92 Ill. App. 3d 820, 823, 426 N.E.2d 340, 343.

The forcible entry and detainer statute reflects the long-established public policy that violence and even bloodshed could result from individuals using force and violence to regain possession of real property, even if the possession is rightfully theirs. (*Doty v. Burdick* (1876), 83 Ill. 473, 477.) This public policy is also "based upon humane considerations of the wrong, oppression, and hardships which might ensue, if families, in any kind of weather, at anytime of day or night, might be thus forcibly ejected from their homes with all their effects, without notice or warning." *Burns v. Nash* (1887), 23 Ill. App. 552, 557.

■■ Based on this public policy, no person has the right to take possession, by force, of premises occupied or possessed by another, even though such person may be justly entitled to such possession. The forcible entry and detainer statute provides the complete remedy at law for settling such disputes. Persons seeking possession must use this remedy rather than use force. *Ross v. Youngman* (1906), 125 Ill. App. 494, 496, citing *Phelps v. Randolph* (1893), 147 Ill. 335, 341, 35 N.E. 243, 245.

■■ The force that the statute prohibits can be actual or constructive. A breach of the peace need not occur. (*Phelps* 147 Ill. at 340-41, 35 N.E. at 245.) Further, a landlord cannot use the criminal trespass statute to settle a dispute over the right of possession of land. *People v. Miller* (1951), 344 Ill. App. 574, 581-82, 101 N.E.2d 874, 877.

██ Applying the above principles to the instant case, we conclude that the State should not have prosecuted defendant under the criminal trespass law. The complainant, rather, should have sought to evict defendant through a forcible entry and detainer action. The sole determination that the parties sought was which one of them had the better right of possession. This is the exact purpose of the forcible entry and detainer statute, which provides the sole means for resolving this determination. The statute prohibited the complainant from using actual or constructive force to regain possession, and such force included invoking the criminal trespass law.

A review of this record reveals how inappropriate a criminal proceeding is for determining rights to real property. Initially, we note that in a forcible entry and detainer action, a trial judge determines which party has the better right of possession. Here, this determination was made initially by a police officer, via his or her decision to arrest, and subsequently by an assistant State's Attorney, via his or her decision to prosecute.

We further note that the trial judge heard testimony and expressly found that no agreement existed between defendant and complainant. Section (c) of the criminal trespass to real property statute provides that the statute shall not apply to anyone living on the premises by a lease or other agreement. (Ill. Rev. Stat. 1985, ch. 38, par. 21—3(c).) Section (c) offers little help to persons accused of wrongful possession of real property. The defense that it provides comes too late. By the time that an actor in the criminal justice system decides in defendant's favor, either an assistant State's Attorney by deciding not to prosecute or a trial judge by dismissing the case, a defendant would have already been arrested and removed from the premises. The goal of eviction is, thus, achieved through the criminal law.

██ In the instant case, defendant claimed to have a right of possession of certain premises, based on a verbal agreement. The complainant denied the claim, and claimed herself to have the better right of possession. The forcible entry and detainer statute provided the sole means for settling the dispute. The complainant should not have used the criminal justice system to evict defendant. This conviction and sentence must be reversed.

For the foregoing reasons, the judgment of the circuit court of Cook County is reversed.

Reversed.

McMORROW, P.J., and JOHNSON, J., concur.