**Joyce EVANS, Plaintiff–Appellant,**

v.

**Maxine WEST, Defendant–Appellee.**

**No. 90–2083.**

United States Court of Appeals,
Seventh Circuit.

Argued April 12, 1991.

Decided July 1, 1991.

Alan M. Freedman, Bruce H. Bornstein, Freedman & Bornstein, Chicago, Ill., for plaintiff-appellant.

Michael Resis, Maureen Z. Murphy, Brian J. Clarke, Thomas P. Burke, Querrey, Harrow, Gulanick & Kennedy, Chicago, Ill., for defendant-appellee.

Before POSNER, FLAUM and RIPPLE, Circuit Judges.

FLAUM, Circuit Judge.

Maxine West owns a two-bedroom condominium in Hoffman Estates, Illinois. She placed an advertisement in a newspaper

seeking a roommate to share her rent and utilities. Joyce Evans responded to the ad, and soon after the two met, Evans gave West a security deposit and moved in. All, however, did not remain tranquil in Hoffman Estates. Shortly after Evans moved in, West asked her to sign a lease. Evans refused, explaining that the apartment was not up to snuff and that she would soon be moving out. Two weeks later, Evans had yet to move. West asked Evans to pay her share of the utilities in the meantime. Evans refused, and the two engaged in a heated discussion, which ended when Evans locked herself in her bedroom and refused to further discuss West's request.

West called the Hoffman Estates police who dispatched a squad car to investigate the dispute. One of the officers asked Evans if she would leave the apartment or, at the very least, sit down and talk about the dispute, but she refused to do so. West was exasperated; she asked the officers what legal recourse she had. The police suggested that West sign a complaint against Evans for criminal trespass. *See* Ill.Rev.Stat. ch. 38, par. 21–3 (1985). West took this advice, and the officers arrested Evans. Evans was convicted of criminal trespass in circuit court, but her conviction was overturned on appeal. *People v. Evans*, 163 Ill.App.3d 561, 114 Ill. Dec. 662, 516 N.E.2d 817 (1987). The appellate court held that the use of the criminal trespass statute to evict a tenant was contrary to Illinois law: "The forcible entry and detainer statute provided the sole means for settling the dispute. The Complainant should not have used the criminal justice system to evict defendant." 114 Ill.Dec. at 665, 516 N.E.2d at 820.

Following the appellate court's decision, Evans filed suit in district court against West and the Hoffman Estates officers who arrested her. She tendered a § 1983 claim for unlawful arrest and appended two state law claims for malicious prosecution and abuse of process. The district court granted summary judgment to West on all counts of Evans' complaint, and Evans now appeals that portion of the judgment respecting her state law abuse of process claim. We affirm the judgment of the district court.

Under Illinois law, a plaintiff pleading abuse of process must establish the existence of both "an ulterior purpose or motive for the use of regular court process," and "an act in the use of process not proper in the regular prosecution of a suit." *McGrew v. Heinhold Commodities, Inc.*, 147 Ill.App.3d 104, 111, 100 Ill.Dec. 446, 451, 497 N.E.2d 424, 429 (1986); *see also Executive Commercial Services v. Daskalakis*, 74 Ill.App.3d 760, 31 Ill.Dec. 58, 64, 393 N.E.2d 1365, 1371 (1979). The latter requirement is of particular relevance here. Absent an "inappropriate act" in the regular prosecution of a suit, an abuse of process action will not lie. Thus, the Illinois courts have held that the " 'mere institution of proceedings does not in and of itself constitute abuse of process.' " *Withall v. Capital Federal Savings of America*, 155 Ill.App.3d 537, 543, 108 Ill.Dec. 202, 207, 508 N.E.2d 363, 368 (1987) (quoting *Holiday Magic, Inc. v. Scott*, 4 Ill.App.3d 962, 968, 282 N.E.2d 452, 455 (1972)); *see also McGrew*, 100 Ill.Dec. at 452, 497 N.E.2d at 430 ("all the plaintiff has alleged in the instant case is that defendants instituted garnishment proceedings. . . . [H]e has not alleged that the garnishment summonses were used for an improper purpose *after* they were issued.") (emphasis in original).

In calling the police and signing a criminal trespass complaint, West did no more than institute proceedings against Evans. As the cases cited above indicate, such action does not suffice to support a suit claiming abuse of process in Illinois. The judgment of the district court is therefore

AFFIRMED.