PHILIP FUSSELMAN, Appellant, v. THOMAS WORTHINGTON, Appellee.

APPEAL FROM PIKE.

A tenant is not permitted to dispute the title under which he enters.   He must restore the possession to the landlord, before he can assail his title.

If a tenant claims premises adversely to his landlord, either for himself or another, his possession from that moment becomes tortious, and the landlord may treat the tenancy as dissolved, and regain the possession by an action of forcible entry and detainer.   This principle applies to all who succeed to the possession from or through the tenant, — they occupy the same position and are held to the same responsibility.

The record of a case is competent evidence to prove that such a suit was brought, and to show what the plaintiff claimed thereby.

THIS case was tried before MINSHALL, Judge, and a jury, at March term, 1852, of the Pike Circuit Court.

W. R. ARCHER, for appellant.

M. HAY and J. GRIMSHAW, for appellee.

TREAT, C. J.   It appeared in evidence that William Fusselman occupied the premises as the tenant of Worthington, from April, 1849, until March, 1852.   It likewise appeared that Philip Fusselman resided thereon during the same time, with the permission and consent of William Fusselman.   He entered under the latter, and subject to the title of Worthington.   He acquired no better right than the tenant, and was bound to quit the premises whenever the landlord could require the tenant to restore the possession.   Whether William Fusselman was a tenant for a certain term, ending on the 1st day of March, 1852, or a tenant from year to year, and entitled to six months' notice to quit, are questions that need not be determined.   We think the jury were authorized to find, from the evidence, that Philip Fusselman had renounced the title under which he entered, and intended to retain the possession in defiance thereof.   The evidence tended to show that such was the understanding and design of the Fusselmans.   William left the premises on the last day of February, while Philip remained in possession.   When the latter was requested to surrender the possession to Worthington, he said he was paid for withholding the possession, and William immediately added that Philip meant thereby that he had bought the land.

Philip did not insist that he could retain the possession by virtue of the lease from Worthington, but he claimed the right to continue in possession because he had purchased the premises from a third person. He disclaimed the title of Worthington, and claimed to be·the owner of the land. That disavowal of the title under which he entered, was a forfeiture of all rights under the lease, whether the term for which the premises were let had then expired or not. A tenant is not permitted to dispute the title under which he enters. He must restore the possession to the landlord, before he can assail his title. If he disclaims the title of his landlord, and claims the premises adversely, either for himself or another, his possession from that moment becomes tortious, and the landlord may treat·the tenancy as dissolved, and regain the possession by the summary proceeding for a forcible detainer. And this principle is strictly applicable to all who succeed to the possession from or through the tenant. They occupy the same position, and are held to the same responsibility. The law on this subject was fully considered in Fortier *v.* Ballance, 5 Gilm. 41.

The record in the case of William Fusselman against Worthington, was properly received in evidence, in connection with the testimony of the witness Grimshaw. He stated that William Fusselman claimed to recover in that suit the value of the cabin in which Philip Fusselman resided; and that the latter testified on the trial, that the cabin was built by William for Worthington. It was competent to prove by the record, that such a suit was brought by William, and that he interposed such a claim therein. The testimony of Philip in connection with the record, clearly tended to show the character of his possession.

There was no error in the instructions of the court.

The judgment must be affirmed.

*Judgment affirmed.*