# Frederick C. Cox

## *v.*

# Catharine Cunningham.

1. Landlord and tenant—*one entering under tenant has no better rights.* If a tenant underlets or puts another in possession of the demised premises, he will confer no better or higher rights than he himself holds, and the person entering under him will be liable to be dispossessed by the landlord by forcible detainer the same as the first tenant, had he remained in possession.

2. Same—*effect of attornment by tenant to another, on landlord's rights.* If a tenant attorns to, or receives a lease from, a third party, it will in nowise affect the landlord's rights, or deprive him of any of his remedies.

3. Forcible detainer—*by landlord against party to whom his tenant attorns and surrenders possession.* If a tenant should attorn to another, and is turned out of possession by forcible detainer by the person to whom he attorns, the first lessor can maintain the same action against the second landlord. The latter, in such case, can occupy no better position than the tenant under the first lease.

4. Attornment—*sufficiency of proof to show.* Where a tenant went into possession under a lease, and another person brought ejectment to try the title, and claimed to be the owner, and entitled to the rents, a mere promise to pay rents to the latter person, which is not accepted, without agreeing to hold under such claimant, and without any agreement on the part of the claimant that he may hold the premises until the title was settled, or any contract to pay future rents, will not be sufficient to show an attornment.

5. Same—*proof must be clear and satisfactory.* Where a tenant of one person is in possession, to create the relation of landlord and tenant between him and another person, the evidence must be reasonably satisfactory, and it will not be inferred from slight circumstances.

6. Forcible entry and detainer—*possession necessary, to maintain.* Where a party has been in the possession of land for several years, and an adverse claimant enters and locks the barn and gate, plows and plants the same, which the other party does not acquiesce in, but resumes his possession, and leases the same to a tenant, the acts of the adverse claimant will not be such a possession, unless justified by title, as will enable him to maintain forcible entry and detainer against the tenant.

Appeal from the Circuit Court of St. Clair county; the Hon. William H. Snyder, Judge, presiding.

Mr. L. H. HITE, and Mr. M. MILLARD, for the appellant.

Messrs. G. & G. A. KŒRNER, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court·

This was an action of forcible entry and detainer, brought in the St. Clair circuit court, for the recovery of two lots, being a part of the sub-division of a lot in Cahokia common, in St. Clair county, in this State. The plaint charged that appellant unlawfully withheld the possession of the same from appellee. The defendant filed a plea of not guilty. A trial was had before the court and a jury, resulting in a verdict in favor of plaintiff, and, after overruling a motion for a new trial, the court rendered judgment on the verdict, and awarded a writ of restitution, and from that judgment defendant appeals to this court.

We think that the evidence clearly shows that Gallagher leased the premises to appellant by a verbal lease. This, we think, can not be successfully controverted, and it is equally clear that he entered into possession under that lease. It does not appear, nor is it claimed, that the lease was ever canceled or abandoned by the parties; nor is it proved or claimed that appellant ever abandoned the premises, or that he disclaimed holding under the lease from Gallagher, but it is claimed that he attorned to or recognized appellee as his landlord, and hence became her tenant, and liable to her precisely as though he had not leased from Gallagher, but had from appellee before entering into possession in the first place.

Having leased from Gallagher, and entered under him, had appellant the power to so contract with appellee as to affect Gallagher's possession, without first having surrendered the possession to his landlord? All know that, had appellant underlet, or put another in possession, Gallagher could have maintained an action against such under-tenant and occupant, and recovered the possession. Appellant could have conferred on no one any higher or better rights than he

held.   Any one entering under him would have held precisely
as he did, and would be liable to be dispossessed by the land-
lord by forcible entry and detainer, as would the tenant, had
he remained in possession until the expiration of the term.
*Ballance* v. *Fortier*, 3 Gilm. 291.

Even if appellant did attorn to or receive a verbal lease
from appellee, that would in nowise affect Gallagher's rights.
His tenant could not give away or barter off his rights, or
affect his interest, by underletting, or receiving a lease from
another, until he fully restored possession to his landlord.
But a tenant may, no doubt, complicate his own rights by
taking leases for the same property for the same time, from
different persons.   He may thereby estop himself from deny-
ing the title of either landlord.   If, however, he were to take
the lease for the shorter term from his second landlord, and
was to be turned out by forcible detainer, according to the
case of *Ballance* v. *Fortier*, *supra*, the first lessor could main-
tain such an action against his second landlord, who could not
occupy a better position than the tenant of the person making
the longer lease.

Did appellant, after leasing from Gallagher, receive a lease
from appellee?   The evidence is somewhat conflicting, but,
when fully considered, we think it does not sustain the find-
ing.   The witness, Short, testified that appellant called on
him to rent the premises, but he referred him to appellee.
She says he did not see her, but she found him in possession,
and turned his horses out of the inclosure.   And appellant
swore that he rented the property of, and entered under, Galla-
gher.   This, then, renders it manifest that appellant did not
lease the premises before he entered, from appellee, nor did
he enter into possession under her.   On this question there
would seem to be no doubt.

Did, then, appellant, after he leased from Gallagher, and
had entered into possession, lease the premises from appellee,
or did he attorn to her, or do any act that created the relation
of landlord and tenant between them, or to render his pos-

session her's? Short testified that, afterwards, at his house, appellant offered to pay the rent to appellee, but she declined to receive it until it was settled who owned the title. Appellee says, when she ordered appellant to leave, when she first found him in possession, he refused to give her possession, and refused to agree to pay her the rent, but said he would pay it to the person entitled to receive it. She further testified that, afterwards, at Short's, appellant said to her, "I have found out that you are the right owner; the rent is ready for you at any time;" but she declined to receive it until the title was settled. This, appellant denies most positively. But even conceding this to be true, it falls far short of constituting a lease or an attornment. He by no means agreed to hold under her. She says there was no agreement that he should hold until the title was settled by the ejectment suit then pending. Nor does it appear that there was any agreement that he should hold under her or pay to her any future accruing rent. He says she told him not to pay the rent to Gallagher, and he had not paid it. He says it was agreed between him, her and Gallagher that he was to pay the rent to the owner and they were to wait until the suit was decided. This seems to be the most probable version of the matter.

But were all appellee's claim conceded, still it only amounts to an opinion on the part of appellant. Where a tenant of one person is in possession, to create the relation of landlord and tenant between him and another person, the evidence should be at least reasonably satisfactory—not inferred from slight circumstances. It is wholly unlike a person in possession as an intruder or wrongdoer, who admits another to be the owner, and agrees to pay rent for the time occupied, as the presumption in such a case is, that the occupant is willing to act justly, and pay rent. But not so with a person having a lease, and bound to pay rent. There can be no presumption that he is willing to pay full rent to two different persons. On the contrary, the presumption is the other way.

It is, however, urged that appellee had a prior possession. It appears that, about two years before appellant went into possession, appellee put locks on the gate and barn door, and locked them, and had the lot plowed, and planted in corn, but Gallagher entered and had it, with the weeds, cut down. The brother of Gallagher testified that he rented the premises, for his brother, to a man from Clinton county, who occupied it for six the months next preceding the time when appellant went into possession. This is not contradicted by any evidence in the record. And it appears that Gallagher had been in possession for about twenty years before this suit was brought; that this possession was uninterrupted, unless the locking the barn door and gate, and the plowing up the lot and planting corn on it, amounted to possession. They were acts of trespass, unless justified by title, but can not be held, under the circumstances, to have been such possession as authorizes a recovery in forcible detainer against a person having such long, open, visible, notorious and uninterrupted possession as Gallagher has shown.

Even if this action can be maintained by a person who had previously sued in ejectment to recover the same land, whilst that suit is pending, appellee has failed to make out a case, and the judgment of the court below is reversed.

*Judgment reversed.*