# Mary L. Doty

*v.*

# Andrew J. Burdick.

1. Forcible entry and detainer—*title not involved, but right of possession.* In an action of forcible entry and detainer, or forcible detainer only, the title to the premises is not involved, nor can it be inquired into on the trial. Possession, and the right to possession, independent of title, are the only questions involved.

2. Same—*landlord can not regain possession forcibly.* The landlord has no right to employ force and violence to regain possession, although such possession may be wrongful, but must evict by forcibly entry and detainer, or by action of ejectment.

3. Same—*actual force not necessary.* To maintain forcible entry and detainer, or forcible detainer, actual, or constructive force only, is necessary. A mere wrongful entry, or a wrongful holding over, only, is required.

4. Title—*how shown.* A deed from one person to another does not even tend to prove title, unless connected with the paramount source of title, or with a bar of the statute.

5. Possession—*as evidence of title.* A person in the actual, peaceable possession of real estate is presumed to be the owner of the fee until the presumption is rebutted, and he is not required to show in what manner or by what title he holds, until the plaintiff shows paramount title. He may show a better outstanding title than the plaintiff, and thus defeat a recovery in ejectment, although he may have no title whatever, even though his possession was wrongful in its inception.

6. Same—*when delivery of key gives right to.* The delivery of a key of a house by a tenant to a person other than the landlord, or his heir, will not transfer a right of possession to such person, unless he has acquired the interest of the landlord or his heirs.

7. Landlord and tenant—*tenant estopped to deny landlord's title.* A tenant is estopped from disputing his landlord's title. Having entered under him, the tenant acknowledges that he is the owner.

83   473
27a   486

83   473
146   393
146   498

83   473
147   340

83   473
44a   81
45a   495

83   473
46a   404

83   473
169   91

83   473
81a   417

83   473
182   472

83   473
184   249
88a   440

83   473
187   7501

8. SAME—*when tenant may dispute title of landlord.* In a suit on a lease to recover rent, or for a breach of any of its covenants, the tenant may show that the landlord has assigned the lease by a sale of the demised premises, or that he has been evicted by a paramount title, which form exceptions to the general rule.

9. Where a person enters into possession of land under another, and thereby admits his title, he must restore the possession to the person from whom he received it, before he can set up title in himself or in another.

10. SAME—*denial of landlord's title forfeits tenant's right.* If a tenant denies his landlord's title, and claims the premises adversely, either for himself or for another, he thereby renders his possession tortious, and forfeits his lease, and the landlord may sue for and recover possession.

11. SAME—*rights of person entering under tenant.* An under-tenant, or other person let into possession by the tenant, must yield the possession to the landlord. He succeeds to the original tenant's rights, and nothing more.

APPEAL from the Circuit Court of Whiteside county; the Hon. WILLIAM W. HEATON, Judge, presiding.

Messrs. KILGOUR & MANAHAN, for the appellant.

Mr. C. L. SHELDON, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

Appellant brought an action of forcible entry and detainer in the circuit court of Whiteside county, to the August term, 1874, against appellee, to recover a house and lot in the village of Rock Falls. It appears that one Barnett Doty, in his lifetime, rented the house to one Ford, who, at the expiration of his lease, left the house, and it thereby became vacant. Ford, when he left, gave the key to Sheldon, and appellant entered the house through a window, and thus acquired possession. This was in April, 1874, and appellant, on the 30th of that month, still being in possession, leased the premises to one Simpson for one year, he to pay $72 rent therefor, in installments of $6 for each month, and in advance.

After Simpson went into possession of the house and lot under the written lease from appellant, and whilst it was in full force, he attorned to A. Doty, who claimed to have pur-

chased the property, and took a lease from him. At the end of the second month, Simpson being in arrear one month's rent to appellant, she notified and required him to leave the property, and he began to prepare to do so; and on the 2d day of June, whilst Simpson's wife was packing their goods preparatory to leaving, appellant went into the house, and took with her and placed therein a sewing machine; and afterwards, and on the same day, appellee, claiming to have purchased the premises from A. Doty, came there with a load of household goods to go into the house and take possession. Appellant forbade his entrance, and he found A. Doty and Simpson, who came, finding appellant in the door, she having forbade their entrance, and, as they say, she struck A. Doty with a club, on his attempting to force himself into the house, and she shut and locked the door. They thereupon forced it open, and entered and removed appellant by force, both taking hold of her and putting her out of the house, and removed her sewing machine into the street, and Simpson left, and appellee went into the house and lot, and continued to occupy them.

Thereupon, appellant commenced this proceeding to recover possession. The jury found a verdict for defendant, and the court, after overruling a motion for a new trial, rendered judgment on the verdict, and the plaintiff appeals to this court.

It is urged that the circuit court erred in not granting a new trial, in giving defendant's and in refusing and modifying plaintiff's instructions, together with others embraced in these objections.

This court has ever uniformly held that, in an action of forcible entry and detainer, or in a forcible detainer only, the title to the premises is not involved, nor can it be inquired into on the trial; that possession, and the right to possession, independent of title, are the only questions involved. Hence, appellee had no right to introduce evidence of title on the trial, and even if he had, he could not, as we presume the entire profession are aware, prove it by an unconnected deed. The offer to introduce the deed from A. Doty to appellee

would not even tend to prove title, unless connected with paramount source of title, or with a bar of the statute; but a person in the actual, peaceable possession of real estate is presumed to be the owner of the fee until the presumption is rebutted. A person in the full possession, when sued in ejectment, has the right to insist that the plaintiff shall show that he has paramount title before he is required to show in what manner or by what title he holds. He may show a better outstanding title than the plaintiff, and thus defeat a recovery, although he may have no title whatever beyond his mere naked possession, which may have its inception in wrong, or even force, if it is not against the plaintiff. It is one of the most elementary rules of practice that a plaintiff in ejectment must show a valid title, traced to the paramount, or to a source with that of the defendant's title, before he can recover. He, if at all, recovers on the strength and perfection of his own title, and not on the weakness of his adversary's title. The mere production of a deed from one person to another does not tend to prove title. It must appear that the grantor had title, before there is proof. Hence, in a case requiring proof of title, appellee would have failed.

When appellant acquired possession, the house was vacant and unoccupied. There is no evidence that any one had any property of any kind in it; and even if the holding of the key by Sheldon, as the agent of A. Doty, could be held to give the latter possession, there is nothing to show that such possession was rightful. Ford had leased from Barnett Doty, and was bound to deliver the possession to him, if living, and if not, then to his heirs. If he delivered the possession to a person not entitled to it, the person thus receiving it did not thereby become legally invested with it. It is manifest that the heirs of Barnett Doty could sue for and recover possession from any person whom Ford might have let into possession, unless it was an heir or assignee of Barnett Doty. It does not appear that A. Doty had any prior possession, or was an heir or assignee of Barnett Doty. If he was, then he had the power and authority to evict appellant by forcible entry and

detainer, or by an action of ejectment, but he had no right to forcibly eject her without legal process. Under our law, whatever it may be in other jurisdictions, the landlord has no right to take the law into his own hands, and employ force and use violence to regain possession, although such possession may be wrongful. It would lead to violence, if not to bloodshed, and hence would be contrary to a sound public policy, and is forbidden. See *Reeder* v. *Purdy*, 41 Ill. 284; *Page* v. *DePuy*, 40 ib. 506; *Farwell* v. *Warren*, 51 ib. 470. These cases must be held to establish the doctrine in this court too firmly to be overruled on the authority of some adverse ruling of a court in some other State.

It has long been the established doctrine of this court. if not all the English and American. courts, with perhaps one or two exceptions, that the tenant can not dispute his landlord's title. Having entered under him, he thereby acknowledges that the landlord is the owner, and the tenant is estopped from denying it. *Fusselman* v. *Worthington*, 14 Ill. 135. In a suit on the lease, to recover rent, or for a breach of any of its covenants, the tenant may show that the landlord has assigned the lease by a sale of the demised premises, or that he has been evicted by paramount title, etc., which form an exception to the rule; but the exception does not, nor can it, apply to a case of this character, where the title is not in question and can not be investigated. But few owners of real estate would be inclined to lease land if the tenant had the authority to determine whether his landlord's title was good, and legally yield possession to another, or to contest it when sued for possession, or if he were to be permitted to show an outstanding title and defeat a recovery.

The law has, therefore, adopted as a rule, that, where a person enters under another, and thereby admits his title, he must restore the possession to the person from whom he received it, before he can set up title in himself or in another. *Fusselman* v. *Worthington, supra; Cox* v. *Cunningham*, 77 Ill. 545. This is the English doctrine, which has prevailed in their courts from an early day, and is the prevailing doctrine in this

country. It is long established, is reasonable and well calculated to subserve the convenience of society, and to promote justice and good order.

It is also a well established rule that an under-tenant, or other person let into possession by the tenant, must yield the possession to the landlord; that a person claiming to have acquired possession from the tenant only acquires the tenant's rights, and nothing more. *McCartney* v. *Hunt*, 16 Ill. 76; *Brown* v. *Keller*, 32 ib. 151. And other cases might be cited to sustain the proposition were it deemed necessary.

To maintain the action, actual, or constructive force only, is necessary. A mere wrongful entry or a wrongful holding over, only, is required. Again, where the tenant denies the landlord's title, and resists his right, he thereby forfeits his lease, and the landlord may sue for and recover the possession. *Fusselman* v. *Worthington, supra.* He, by claiming the premises adversely for himself or another, thereby renders his possession tortious.

In this case, Simpson, the tenant, denied the title of appellant, and held it for A. Doty, and his possession thereby became wrongful as against appellant, and she thereby became entitled to the possession, and could have sued for and recovered the premises; and the possession surrendered to appellee was in like manner wrongful. The tenant could not transfer any better title or right of possession than he holds, nor could appellee show that he was the owner of the fee, in this action. He, by collusion with Simpson, acquired no advantage, but simply took and occupied the place of Simpson; and as appellant was entitled to recover against Simpson, she was equally entitled to recover against appellee.

The finding of the jury was manifestly against the evidence, and the instructions, so far as they are opposed to the views here expressed, were wrong, and calculated to mislead the jury.

The judgment of the court below is reversed and the cause remanded.

*Judgment reversed.*