(No. 29082.—

THE SANITARY DISTRICT OF CHICAGO, Appellant, *vs.*
UNITED STATES FIDELITY AND GUARANTY COMPANY,
Appellee.

*Opinion filed January 23, 1946—Rehearing denied March 14, 1946.*

ERNST BUEHLER, LOUIS I. FISHER, and RICHARD R. YOUNG, all of Chicago, for appellant.

EUGENE P. KEALY, JOHN J. DOWDLE, SONNENSCHEIN, BERKSON, LAUTMANN, LEVINSON & MORSE, (ISAAC E. FERGUSON, and MORTON LANE, of counsel,) all of Chicago, for appellee.

Mr. JUSTICE SMITH delivered the opinion of the court:

This is an appeal from a judgment of the Appellate Court for the First District. The suit was brought in the circuit court of Cook county by the Sanitary District of Chicago against United States Fidelity and Guaranty Company. The basis of the suit is a contractor's performance bond. The circuit court entered judgment in favor of the plaintiff, the Sanitary District, and against the defendant, United States Fidelity and Guaranty Company. The Appellate Court reversed the judgment of the trial court and remanded the cause with directions to enter judgment against the plaintiff for costs. The case is here on leave to appeal granted by this court.

The record shows that on February 20, 1936, the Sanitary District entered into a contract with McKay Engineering and Construction Company (hereinafter referred to as the contractor,) for the construction of an improvement

designated in the contract as "West Towns Outlet Sewer." In connection with the contract the contractor gave a performance bond signed by United States Fidelity and Guaranty Company as surety. The work was completed by the contractor and accepted by the Sanitary District. In November, 1937, a suit was commenced in the circuit court of Cook county by one Anderson and seventy-seven other plaintiffs alleging damages resulting to their several adjacent properties from the execution of the work of constructing the sewer. The contractor and the Sanitary District, with others, were named defendants in the suit. During the course of the proceedings, however, all of the defendants were dismissed out of the suit except the Sanitary District. Due and timely notice of the pendency of the suit was given by the Sanitary District to United States Fidelity and Guaranty Company, the surety on the contractor's bond, with the demand that said surety appear and defend the suit. This it declined to do. Upon a hearing, judgment was entered against the Sanitary District and in favor of the various plaintiffs for amounts aggregating the sum of $16,496.77. This judgment will be hereinafter referred to as the Anderson judgment. The judgment was paid by the Sanitary District, and, after demand upon the United States Fidelity and Guaranty Company for reimbursement was refused, this suit was brought on the contractor's bond. The decisive question is whether the Anderson judgment is a judgment and liability for which the surety on the contractor's bond is liable.

Appellant contends that the Anderson judgment is a liability from which the contractor agreed to indemnify and save the Sanitary District harmless under the contract and under the bond. Its contention is that the Anderson judgment was predicated upon the use of dynamite by the contractor; that said suit was not one for the recovery of compensation for the diminution of the value of the properties for which the Sanitary District was liable under the

eminent domain laws, but was a judgment for damages growing out of the performance of the contract by the contractor. On the other hand, appellee summarizes its position in two principal contentions advanced in this court, namely: first, that the contractor's performance bond indemnified the Sanitary District only against judgments resulting from carelessness or negligence of the contractor in the performance of the work under the contract and, second, that there is no proof in the record tending to show that the Anderson judgment was such a judgment as is contemplated within the terms of the bond, and that the finding of facts contained in the judgment entered in the Anderson case is not competent evidence of the existence of those facts. In support of these contentions it is contended that the damages involved in the Anderson suit resulted from the construction of a public improvement, for which damages the Sanitary District was liable under the law of eminent domain; that it is not a liability resulting from negligence in the performance of the work under the contract. It is further contended that neither the contractor nor the surety is liable to indemnify the Sanitary District against its constitutional liability to the owners of property for damages resulting from the construction of the improvement; that they are only liable for the negligence of the contractor; that the damages awarded in the Anderson suit were not damages arising in consequence of the awarding of the contract, but were inherent in the construction of the work and are not comprehended within the bond. It is further argued that in undertaking the construction of the sewer the Sanitary District assumed the risk of two kinds of liabilities for damages to adjacent property, namely: (1) the constitutional liability to make just compensation for private property damaged for public use and, (2) the common-law liability to pay damages to adjacent property owners caused by trespass; that the latter class of damages is within the

indemnities of the contractor's bond, while the former class is not. It is apparent, therefore, that the determination of the controverted issues in this case depends upon the construction of the contract and the bond given as security for its performance. The rights and liabilities of the parties must be determined from these two instruments, as written by the parties themselves.

We will first consider the applicable provisions of the contract for the purpose of determining the obligations which the contractor assumed and the liabilities incurred thereunder. Paragraph 47 of the specifications, written in and made a part of the contract, is headed "Blasting." In that paragraph it is provided: "The contractor agrees to indemnify and save the Sanitary District harmless against all claims for damages to real or personal property or for injuries to persons, or deaths caused in any manner whatsover, by explosions, blasting, handling or storing of explosives for the work hereunder."

Article 15 of the general conditions written in the contract is headed "Damages." By that paragraph it is provided: "The contractor covenants and agrees to pay all damages for injury to real or personal property, * * * growing out of any act or deed of the contractor, or of his employees, that is in the nature of a legal liability, and he hereby agrees to indemnify and save the Sanitary District harmless against all suits and actions of every name and description brought against the Sanitary District for, or on account of any such injuries to real or personal property, * * * caused by said contractor, his servants, agents or employees, in the execution of said work; or by or in consequence of any negligence in guarding the same; or by or on account of any omission or act of the contractor, his agents or employees; * * *."

By article 27 of the general conditions, it is provided that the contractor shall furnish a bond with a good and sufficient surety or sureties, satisfactory to the Sanitary

District, "conditioned upon the faithful performance of all the terms and conditions of this contract; * * *."

It will thus be seen, by the plain and unambiguous language of the contract, the contractor agreed to pay all claims for damages to real or personal property resulting from explosions, blasting, handling or storing of explosives for the work under the contract. It also agreed to save and keep harmless the Sanitary District from all such claims for damages. The contractor further agreed to pay all damages for injury to real and personal property growing out of any act or deed of the contractor, or its employees, and to further indemnify and save harmless the Sanitary District against all suits and actions of every name and description brought against the Sanitary District for, or on account of, any such injuries to real or personal property, caused by the contractor, its servants, agents or employees, in the execution of the work, or by or in consequence of any negligence in guarding the same, or by or on account of any omission or act of the contractor, its agents or employees. It agreed to furnish a bond conditioned for the performance of these undertakings.

The contract, by its terms, is not limited to negligent acts of the contractor. It extends to all damages to real or personal property, caused in any manner whatsoever, by explosions or blasting, in the work under the contract. The contractor assumed the liability for the payment of all such damages whether they resulted from the negligent acts of the contractor or its employees, or whether such blasting was done properly and without negligence in the prosecution of the work under the contract. Under the language of the contract, the liability of the contractor is not limited to negligent acts of the contractor or its employees. The language of paragraph 47 extends to and includes "all claims for damages to real or personal property * * * caused in any manner whatsoever," by blasting in the work under the contract. By article 15 of the

general conditions, the contractor covenanted and agreed to pay all damages for injuries to real or personal property, sustained by any person, growing out of any act or deed of the contractor or its employees. It further agreed to indemnify and save harmless the Sanitary District from all suits and actions of every name and description brought against the Sanitary District, for or on account of any injuries to real or personal property caused by said contractor, its servants, agents, or employees in the execution of the work, or by or on account of any omission or act of the contractor, its agents or employees. This language of the contract is all-inclusive. It does not admit of construction. It is clear and unambiguous. The payment of all damages to real property resulting from work done under the contract was assumed by the contractor. Moreover, it agreed to indemnify and save harmless the Sanitary District against all suits for the recovery of such damages, caused by the contractor or its employees, in the execution of the work, or on account of any omission or act of the contractor, its agents or employees. Under the plain provisions of the contract, it cannot be successfully contended that the contractor was not liable for damages to adjacent real estate resulting from blasting done by the contractor in the prosecution of the work under the contract. No more definite, certain and unambiguous words could have been used than those written in the contract by the parties themselves.

This brings us to a consideration of the liabilities imposed upon the surety under the performance bond. The bond, after referring to the execution of the contract between the contractor and the Sanitary District, recites that if the contractor "shall in all respects well and truly keep and perform the said contract, on its part in accordance with the terms thereof, the specifications therein contained, and the plans accompanying the same, in the time and manner therein prescribed, and shall protect, indemnify, keep

and save harmless The Sanitary District of Chicago against all liabilities, judgments, costs, damages, expenses and attorney's fees, which may in any wise come against The Sanitary District of Chicago in consequence of the awarding of such contract, or which may in any wise result from the carelessness or neglect of said McKay Engineering and Construction Company, agents, employees, or workmen, in any respect, whatsoever," the obligation shall be null and void, otherwise remain in full force and effect. The bond further provided, "And it is hereby expressly understood and agreed, and made a condition hereof, that any judgment rendered against The Sanitary District of Chicago as aforesaid, in any suits for damages for injury to real or personal property  *  *  *  growing out of any act or doing of said McKay Engineering and Construction Company, or its agents, employees or workmen in the premises,  *  *  *  when notice of the pendency of such suit *  *  *  shall have been given said McKay Engineering and Construction Company, shall be conclusive against each and all parties to this obligation, as to amount, liability and all other things pertaining thereto."

Appellee in its argument enumerates five classes of claims which it admits are liabilities under the performance bond. It then insists that to include liabilities other than those which it specifically enumerates as being within the terms of the bond is to extend the indemnity to all third party claims of any and every character arising from the construction of the sewer. It is contended that to extend the coverage of the bond to claims other than those enumerated in its argument is to render the enumeration of such specific claims in the bond superfluous. It is equally true that to limit the indemnity to the liabilities enumerated by appellee would completely ignore the specific provisions of paragraph 47 of the contract by which the contractor agreed to indemnify and save harmless the district against all claims for damages to real or personal

property, caused in any manner whatsoever by explosives, blasting, or handling explosives in work under the contract. The contract must be so construed as to give effect to every provision contained therein. (*Green* v. *Ashland Sixty-third State Bank*, 346 Ill. 174.) By the specific terms of the contract, the contractor agreed to indemnify and save the Sanitary District harmless against all claims for damages to real or personal property caused in any manner whatsoever by explosions, blasting, or handling or storing of explosives in the work under the contract. This is one of the specific obligations assumed by the contractor. By the contract, it further agreed to pay all damages for injury to real or personal property growing out of any act or deed of the contractor or his employees, and to save the Sanitary District harmless against all suits and actions of every name and description brought against it for or on account of any such injuries to real or personal property. The payment of damages for injuries to real or personal property resulting from explosions or blasting was one of the specific obligations assumed by the contractor and is one of the specific liabilities covered by the unambiguous language of the bond. Furthermore, the contractor, by the terms of the contract, specifically agreed to save the Sanitary District harmless against all suits and actions of every name and description brought against the district for or on account of any injuries to real or personal property. The contractor having assumed and agreed to pay all damages to real or personal property resulting from the use of explosives, or from blasting, in the prosecution of the work, and the bond by its terms specifically guaranteeing the performance of that obligation, the liability of the surety under the bond to pay such damages and to indemnify the district against the payment of the same is clear. Such payment is one of the liabilities specifically included within the obligations of the bond as written.

The next question presented is the contention of appellee that there is no proof in the record tending to show that the Anderson judgment is a judgment of the character indemnified against by the bond. It is elementary, of course, that to entitle the plaintiff in this case to recover, it was incumbent upon it to show that a judgment had been rendered against it for a liability included within the indemnity of the contract and the contractor's bond. The only evidence offered on this subject was the judgment entered in the Anderson case and the complaint in that case. The judgment was offered by the plaintiff and the complaint was offered by the defendant. Both were admitted in evidence. The Anderson judgment having been entered in a suit between the plaintiffs in the Anderson case and the Sanitary District, ordinarily the judgment would be admissible in evidence in a suit between different parties only for limited purposes. Laying aside for the moment the agreement of appellee in the bond that the entry of such a judgment should be conclusive on it, the principle involved should not be confused with the rule of *res judicata* or estoppel by verdict. Neither should it be confused with the rule that findings in the judgment as to matters not at issue between the parties to the suit in which the judgment was entered are not binding upon them in subsequent litigation. Appellee cites numerous cases announcing this rule, which are obviously not in point on the question here involved.

The rule is that the record of a judgment in a case is competent evidence to prove that such a suit was brought and to show what the plaintiff claimed in such suit and upon what liabilities the judgment was entered. (*Fusselman* v. *Worthington,* 14 Ill. 135.) Under this rule the judgment in the Anderson case was admissible for the purpose of showing the liability on which the claims of the plaintiffs in the Anderson case were based, and upon which that judgment was entered. It is no objection to

its competency that it might not have been conclusive as to the facts recited therein. It tended to prove those facts and was admissible on that account. *Miller* v. *Chrisman,* 25 Ill. 242.

There is also another rule of law which is applicable here. That is that where one party is liable to indemnify another against a particular loss, either by law or by contract, the primary liability is upon the party indemnifying. In such case the party bound to indemnify is in privity with the party to be indemnified. He, therefore, has a direct interest in any suit whereby there might be a recovery as to the subject matter of the indemnity against the party indemnified. Where the party indemnifying has proper notice of the pendency of the action he is bound by his obligation to indemnify to defend, and is bound by the judgment entered the same as if he were a party to the cause. *Drennan* v. *Bunn,* 124 Ill. 175.

In *Meyer* v. *Purcell,* 214 Ill. 62, it was said, "Where a person is responsible over to another and he is notified of the pendency of a suit involving the subject matter of the indemnity, his liability will be fixed and determined by the judgment rendered therein." Under this rule, the appellee here was clearly bound by the judgment in the Anderson suit the same as if it had been a party to that suit. It had notice of the pendency of that action. Demand was made that it make the defense, which it declined to do. It was not only bound by the judgment in the Anderson suit under the rules above announced, but, by the bond itself, it agreed that any judgment rendered against the Sanitary District in any suit for damages for injury to real or personal property should be conclusive against it "as to amount, liability, and all other things pertaining thereto." The judgment entered in the Anderson case shows that it was "for the claims and causes of actions asserted by the said plaintiffs, in this proceedings, arising from the fact of the

setting off of charges of dynamite or other violent and dangerous explosives, as alleged in the pleadings of the said plaintiffs herein." The charge in the complaint in said cause was that the McKay Engineering and Construction Company, in carrying out the work under its construction contract, "set off numerous charges of dynamite and other violent and dangerous explosives, and blasted rock, and excavated land," resulting' in the damages complained of. These acts constituted the basis for the liabilities involved in that suit. The language of the court in defining the issues and causes of action involved in the Anderson suit certainly constituted findings pertaining to that suit and were, within the bond, conclusive on appellee. The liabilities on which the Anderson judgment was based were not liabilities for compensation, under the constitution and the Eminent Domain Act, for diminution in the value of the property resulting from the construction of the improvement. They were liabilities for acts done by the contractor in the execution of the work under the contract. They were liabilities for damages resulting from the use of explosives in the prosecution of the work under the contract, for which the contractor was liable. *FitzSimmons & Connell Co.* v. *Braun & Fitts,* 199 Ill. 390.

It is our conclusion that regardless of whether the blasting and use of explosives by the contractor was negligently done or properly done as an incident to the work under the contract, damages resulting therefrom to adjacent real property were included within the liabilities assumed by the contractor under the contract and by the surety under the performance bond; that the findings in the judgment in the Anderson case, defining the issues and liabilities involved in that case, were admissible in evidence in the instant case as showing the issues and liabilities involved and the determination of those issues. We are further of the opinion that inasmuch as appellee had

notice of the pendency of the Anderson suit, as provided in the bond, the judgment in that case was binding upon it, the same as if had been a party to that suit. Moreover, it specifically agreed by the terms of the bond that the judgment entered in the Anderson case should be conclusive against it as to the amount, liability, and all other things pertaining thereto. The finding in the judgment as to the issues and liabilities involved was certainly "things pertaining" to that judgment, within the meaning of that phrase as used in the bond. All that was necessary for appellant in this case to show was that the Anderson suit was a liability within the terms of the contract and bond. The judgment in the Anderson case was admissible in evidence in this case for the purpose of showing the liabilities involved in that case. In the absence of any other evidence, the judgment alone was sufficient to establish such liabilities.

The judgment of the Appellate Court is reversed. The judgment of the circuit court of Cook county is affirmed.

*Appellate Court reversed; circuit court affirmed.*