THE BASSICK COMPANY, Plaintiff-Appellant, *v.* MISSISSIPPI VALLEY
ERECTION COMPANY OF ILLINOIS, Defendant-Appellee.

First District (5th Division)    No. 80-2604

Opinion filed February 19, 1982.

Wildman, Harrold, Allen & Dixon, of Chicago (Thomas D. Allen, Edward T.
Butt, Jr., and Ruth E. Van Demark, of counsel), for appellant.

French and Rogers, of Chicago (Richard G. French and Dorothy F. French,
of counsel), for appellee.

JUSTICE MEJDA delivered the opinion of the court:

Following the payment of a judgment rendered against it in a Structural Work Act case, and pursuant to a written agreement between the Bassick Company (Bassick) and Cunningham Brothers, Inc. (Cunningham), another defendant in that same case, Bassick brought an indemnity action against Mississippi Valley Erection Company of Illinois (Mississippi). The trial court found that the agreement between Cunningham

and Mississippi barred Bassick's action and entered judgment in favor of Mississippi. Bassick appeals.

The issue raised on appeal is whether the agreement between Bassick and Cunningham bars Bassick's indemnity action against Mississippi.

Two employees of Mississippi, injured during construction of a building addition, brought an action pursuant to the Structural Work Act (Ill. Rev. Stat. 1979, ch. 48, par. 60 *et seq.*) against Bassick and Cunningham and other parties not relevant here. Bassick was the owner of the premises to which the building addition was being constructed. Cunningham was the general contractor and Mississippi was the subcontractor. Bassick and Cunningham in turn filed third-party indemnity actions against Mississippi. Both predicated their indemnity claims on an active-passive negligence theory. Bassick also filed a cross complaint against Cunningham seeking indemnity on an active-passive negligence theory. During the course of trial Bassick's third-party action against Mississippi was voluntarily dismissed without prejudice and its counterclaim against Cunningham severed. The judge directed liability on plaintiffs' claims against Cunningham. The jury returned a verdict of $182,000 in favor of the plaintiffs against both Bassick and Cunningham and also found that Cunningham was not entitled to indemnity from Mississippi. Cunningham appealed from the jury's verdict against it in its indemnity action against Mississippi but the appellate court affirmed, holding that based on the evidence the jury could have reasonably found Cunningham actively negligent. *Goodrick v. Bassick Co.* (1978), 58 Ill. App. 3d 447, 374 N.E.2d 1262.

Following denial of their post-trial motions in the Structural Work Act case Cunningham offered to indemnify Bassick for the satisfaction of the judgment if Bassick would dismiss its still pending counterclaim against Cunningham for indemnity and reinstate its indemnity action against Mississippi. Bassick dismissed its counterclaim against Cunningham and the parties executed a "Conditional Agreement As To Financial Responsibility" (Bassick Agreement). The financial terms of the Agreement required that: (1) Bassick pay $163,800 in satisfaction of the judgment rendered to plaintiffs in the Structural Work Act case; (2) Bassick file and prosecute an indemnity action against Mississippi; (3) Cunningham pay Bassick $163,800 in the event Bassick failed to recover from Mississippi; (4) Cunningham pay Bassick the difference between $163,800 and any lesser amount Bassick recovered from Mississippi; (5) Cunningham pay nothing to Bassick if Bassick recovered the full $163,800 from Mississippi; (6) Cunningham pay 6% interest on the $163,800 paid to plaintiffs by Bassick computed to and including the date Bassick received payment from either Mississippi or Cunningham; and (7) these financial terms bind the parties should Bassick settle its suit against Mississippi;

however, Cunningham's consent was required of any settlement which would necessitate payment by Cunningham to Bassick.

In addition to these financial terms the Agreement stated that Cunningham, and not Bassick, had the right to elect to appeal a judgment adverse to Bassick, and would pay one-half the attorney fees and expenses incurred in such an appeal.

Following the execution of the Agreement, Bassick satisfied the judgment rendered in the Structural Work Act case and filed this indemnity action against Mississippi. At trial the parties stipulated to the facts, including Mississippi's active negligence, Bassick's passive negligence, and that Mississippi waived a portion of its Workmen's Compensation lien to make up the remaining amount of the original $182,000 judgment. The trial court found that Bassick's action was a sham proceeding which really benefited Cunningham, for it allowed Cunningham to be indirectly indemnified by Mississippi even though the jury in the underlying case decided such indemnification was improper. The court then entered judgment in Mississippi's favor. Bassick appeals.

## OPINION

Bassick asserts that its Agreement with Cunningham is a loan receipt agreement sanctioned by the Illinois Supreme Court in *Reese v. Chicago, Burlington & Quincy R.R. Co.* (1973), 55 Ill. 2d 356, 303 N.E.2d 382, and its progeny. Mississippi urges that the Agreement acts as a complete satisfaction of Bassick's right to indemnity, and therefore Bassick has no standing to bring an indemnity action against Mississippi.

The validity of loan receipt agreements, by which a concurrent tortfeasor may escape liability and judgment by loaning funds to a plaintiff, was first considered and upheld in *Reese*. There a railroad employee was killed on the job when struck by a 1200-pound bucket attached to a crane. His widow, as administrator of his estate, sued the railroad under the Federal Employers' Liability Act (45 U.S.C. §§51-60 (1939)) and the crane manufacturer on a strict liability theory. The railroad counterclaimed the crane manufacturer for indemnity. Prior to trial the railroad and the plaintiff executed a loan receipt agreement, whereby the railroad loaned the plaintiff a certain sum of money which the plaintiff promised to repay from any judgment collected from the crane manufacturer. On plaintiff's motion the railroad was dismissed without prejudice prior to trial and the plaintiff proceeded only against the crane manufacturer. The *Reese* court offered three policy reasons for approving the loan receipt agreement before it: funds under this type of arrangement might be more readily offered to injured plaintiffs; and further the loan receipt device might simplify complex multiparty litigation, and also facilitate private resolution of litigation. Furthermore, the *Reese* court specifically limited its

consideration to those situations in which a concurrent tortfeasor might escape the adjudication of liability and the entry of judgment by loaning funds to a plaintiff. 55 Ill. 2d 356, 363, 303 N.E.2d 382, 386.

Subsequent supreme court decisions have further enunciated that the use of loan receipt agreements is only proper if executed before the liability of multiple defendants is adjudicated (*Rucker v. Norfolk & Western Ry. Co.* (1979), 77 Ill. 2d 434, 396 N.E.2d 534; *Kerns v. Engelke* (1979), 76 Ill. 2d 154, 390 N.E.2d 859; *Harris v. Algonquin Ready Mix, Inc.* (1974), 59 Ill. 2d 445, 322 N.E.2d 58) and if disclosed. *Gatto v. Walgreen Drug Co.* (1975), 61 Ill. 2d 513, 337 N.E.2d 23, *cert. denied* (1976), 425 U.S. 936, 48 L. Ed. 2d 178, 96 S. Ct. 1669.

■■ Bassick argues that as it is a plaintiff in its indemnity action against Mississippi, it is in the same position relative to Cunningham as the *Reese* plaintiff was to the railroad. Bassick therefore concludes that its Agreement with Cunningham is a valid loan receipt agreement. We disagree with Bassick's contention that its Agreement with Cunningham is a loan receipt agreement as contemplated by *Reese* and its progeny. The most obvious distinction between the Bassick Agreement and previous loan receipt agreements considered by the supreme court is that the Bassick Agreement does not provide for a loan of funds which must be repaid by one agreeing party to the other. Rather, it contemplates a guaranteed reimbursement of the funds initially expended by Bassick to satisfy the underlying judgment should Bassick fail to be fully indemnified by Mississippi. A further distinction is that, rather than providing a means by which funds might more readily be placed in the hands of an "injured plaintiff," the Bassick Agreement requires the "plaintiff" and not the "defendant" to bear the initial financial burden. We conclude therefore that by its terms the Bassick Agreement is not a loan receipt agreement. As a further note, even had we concluded that the Bassick Agreement was a loan receipt agreement, its execution subsequent to the determination of the liability of the multiple defendants in the underlying Structural Work Act case would have nevertheless rendered it invalid. (*Rucker*; *Kerns*; *Harris*.) Having concluded that the Bassick Agreement is not a loan receipt agreement, we next consider its effect, if any, on Bassick's indemnity action against Mississippi.

Although "indemnity" is not expressly used in the Bassick Agreement, it is by its terms an indemnity contract. A contract of indemnity is an agreement by which one party is obligated to make good any loss or damage another has incurred or may incur by acting at his request or for his benefit. (42 C.J.S. *Indemnity* §1, at 564 (1944).) By the terms of the Bassick Agreement, Bassick agreed to satisfy the judgment for which Cunningham was jointly and severally liable and pursue its third-party action against Mississippi. In return Cunningham agreed to make good

any financial loss ultimately accruing to Bassick by promising to fully repay Bassick should Mississippi fail to do so. An agreement to pay a loss which results by reason of a third party doing or refraining from doing a particular thing is a contract for indemnity. *City of Chicago v. Siebert* (1927), 244 Ill. App. 83.

■■ The Bassick Agreement has of necessity altered the relationship of its signatories. Bassick and Cunningham are no longer independent co-defendants against whom judgment has been entered. They now stand in privity (*Sanitary District v. United States Fidelity & Guaranty Co.* (1946), 392 Ill. 602, 65 N.E.2d 364) and their identity of interests is presumed. (*Cowan v. Insurance Co. of North America* (1974), 22 Ill. App. 3d 883, 318 N.E.2d 315.) By agreement Cunningham has assumed primary liability for the satisfaction of the judgment Bassick has paid, and has thus acquired a direct interest in Bassick's suit against Mississippi. (*Sanitary District.*) We conclude, therefore, that although the instant suit has been brought in Bassick's name, the real issue being litigated is not whether Bassick will bear the burden of satisfying the plaintiff's judgment in the underlying action, for that possibility has been eliminated by the Bassick Agreement. Rather, it is whether Cunningham, which now contractually bears the ultimate liability for that burden as between itself and Bassick, will be able to shift that burden to Mississippi—an issue which has already been adjudicated adversely to Cunningham. Having determined therefore that there is an identity of interests between Bassick and Cunningham in this suit, that they stand in privity, and that the real issue being determined has already been adjudicated, we conclude that Cunningham whether individually or through Bassick is barred from relitigating this issue. The Agreement cannot accomplish indirectly what Cunningham is unable to do directly. *Harris.*

To conclude otherwise would be tantamount to approving the purchase of an indemnity action by a party whose rights to indemnity have already been foreclosed by judicial determination. Such maneuvering by defendants whose liability has been adjudicated has met with disapproval by our supreme court. (See *Harris; Kerns.*) For the reasons cited herein, the judgment of the trial court is affirmed.

Affirmed.

SULLIVAN, P. J., and WILSON, J., concur.